

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2007

# Hadi v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1067

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hadi v. Secretary Homeland" (2007). *2007 Decisions.* Paper 781.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/781

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1067
_____

EDWIN SISWANTO HADI,

Petitioner

v.

SECRETARY OF DEPARTMENT OF HOMELAND SECURITY &
ATTORNEY GENERAL OF THE UNITED STATES,

Respondents

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A96-265-038)

Immigration Judge: Miriam K. Mills

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 15, 2007

BEFORE: FUENTES, GREENBERG, and LOURIE,[*] Circuit Judges.

(Filed: July 12, 2007 )

_____

[*] The Honorable Alan D. Lourie, United States Circuit Judge for the Federal
Circuit, sitting by designation.

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

Petitioner Edwin Siswanto Hadi entered the United States in April 2000 on a tourist visa. In March 2003, he applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. An immigration judge ("IJ") denied relief and the Board of Immigration Appeals ("BIA") affirmed. We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252,[1] and we will deny the petition for the reasons that follow.

## I.

Hadi, a 29-year-old citizen of Indonesia, is ethnically Chinese and a Christian. In his application and at his hearing before the IJ, he testified to the following facts. He grew up in a predominantly Muslim neighborhood in Jember. During primary school and high school, he was often forced to give Muslim students goods or money and was beaten when he refused. Some of these Muslim students said they would kill him and his family if he reported the incidents to teachers or the principal. During one incident in March 1992, Muslim students beat him up in a parking lot and stole his bike.

---

[1] The government asserts that we do not have jurisdiction because Hadi did not file his petition for review within thirty days of the BIA's order. See 8 U.S.C. § 1252(b)(1). However, the BIA dismissed his appeal on December 5, 2005, and he filed his petition exactly thirty days later on January 4, 2006. It appears that Hadi filed his petition on January 4 with the clerk's office for the Eastern District of Pennsylvania, which explains why the clerk's office for the Third Circuit did not docket the petition until January 5.

In August 1997, three Muslims came to his family's home and asked for a contribution to their mosque. Hadi refused and slammed the door shut as the men screamed and threatened him and his family, and then kicked at the door "with all their might." App. 28. The next morning the family discovered garbage strewn around the front of their house and graffiti stating "Stingy Chinese. Rotten Chinese." Id. The local police chief, who was a Muslim, did nothing after the family reported the incident.

In May 1998, Hadi was hosting a prayer session for church members at his home when five Muslim neighbors threw stones through the windows and yelled, among other things, "Hey, you Christians, can't you be quiet?" Hadi approached the men and asked them to stop. They started beating him and then pulled out knives, stabbing him in the arm once and cutting one of his wrists. Church members rushed him to the nearest family doctor because he was "bleeding profusely." App. 29. Hadi's parents reported the incident to the police, who demanded money. Although the parents paid, the police did nothing. Over the next two years, Hadi and his family were subjected to verbal threats, anonymous threatening phone calls, graffiti on their walls, and dead mice placed on their steps.

Hadi entered the United States in April 2000 on a tourist visa and stayed in the country after the visa expired six months later. In March 2003, he applied for asylum, withholding of removal, and relief under the Convention Against Torture. He was served with a Notice to Appear in May 2003, and conceded removeability in June 2003.

After a hearing in August 2004, the IJ ruled that Hadi had not demonstrated any

circumstances excusing the filing of his application more than a year after his arrival. The IJ further determined that Hadi was not credible with regard to the May 1998 incident and that he otherwise did not qualify for relief. The BIA denied his appeal even though it rejected the IJ's adverse credibility finding. The BIA explained that Hadi's asylum application was untimely, that the events he described did not rise to the level of persecution, and that he had not demonstrated "a genuine fear of future persecution." App. 13. It noted that Hadi stayed in the country for two years after the May 1998 incident before coming to the United States, and that his family has remained in Indonesia without serious incident.

## II.

We do not have jurisdiction to review the IJ's finding that no extraordinary or changed circumstances excused Hadi's failure to apply for asylum before the one-year deadline. See Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006) ("[D]espite the changes of the REAL ID Act, 8 U.S.C. § 1158(a)(3) continues to divest the court of appeals of jurisdiction to review a decision regarding whether an alien established changed or extraordinary circumstances that would excuse his untimely filing.").

To qualify for withholding of removal, an applicant must demonstrate a "clear probability" of persecution if removed; in other words, persecution must be more likely than not. INS v. Stevic, 467 U.S. 407, 413, 425 (1984). We review the BIA's denial of withholding of removal under a substantial evidence standard. "If a reasonable fact finder could make a particular finding on the administrative record, then the finding is

supported by substantial evidence." Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003). The BIA's findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

Substantial evidence supports the conclusion that Hadi did not meet the standard for withholding of removal. Although Hadi cites to a number of sources indicating that religious violence in Indonesia has remained a problem, this does not establish that it is more likely than not that he will be persecuted if returned there, especially since country reports suggest that conditions have improved.

In addition, Hadi has not established that he is entitled to relief based on incidents he described. We have stated that persecution "include[s] threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). While we have "not yet drawn a precise line concerning where a simple beating ends and persecution begins, our cases suggest that isolated incidents that do not result in serious injury do not rise to the level of persecution." Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005). Much of the harassment Hadi describes clearly did not rise to the level of persecution. Although we are certainly disturbed by the May 1998 incident in which Hadi was beaten and stabbed, this incident occurred two years before Hadi left the country. While it is possible that an isolated violent act in concert with other harassment could constitute persecution under some circumstances, we cannot say the evidence in this case compels a conclusion contrary to the one reached by the BIA. Further, Hadi has failed to establish a "clear

probability" of persecution if returned to Indonesia.

Finally, Hadi has not presented additional evidence that he qualifies for protection under the Convention Against Torture, *i.e.*, that it is more likely than not that he will be tortured if removed.  See Obale v. Att'y Gen., 453 F.3d 151, 161 (3d Cir. 2006). Substantial evidence, therefore, supports the denial of this claim as well.

## III.

Hadi has failed to demonstrate that the BIA erred in rejecting his application for asylum, withholding of removal, and relief under the Convention Against Torture.  For the reasons discussed above, we will deny the petition.